UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| The Trustees of the Sheet Metal Local #10 Control Board Trust Fund,<br><br>        Plaintiffs,<br><br>vs.<br><br>Performance Contractors LLC,<br><br>        Defendant. | Civil File No. 10-cv-01053 (JNE/FLN)<br><br><br>**REPORT AND RECOMMENDATION** |

By assignment from the Honorable Joan N. Ericksen, this matter came before the undersigned United States Magistrate Judge on Plaintiffs' Motion for Default Judgment and Injunction [#8]. A hearing was held on August 20, 2010. Michael P. Eldridge of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. Christopher Harris, Chief Operations Officer, appeared for Defendant.

**FINDINGS OF FACT**

1.      Plaintiffs filed a Summons and Complaint in this matter on April 1, 2010. Defendant's authorized agent was personally served with the Summons and Complaint in this matter on April 7, 2010.

2.      Defendant failed to file and serve a response or Answer to the Summons and Complaint.

3.      The Clerk entered default on April 27, 2010.

4.      Plaintiffs are Trustees of the Sheet Metal Local #10 Control Board Trust Fund ("Control Board").

5.      The Control Board is a multi-employer jointly-trusteed fringe benefit plan created

1

and maintained pursuant to ERISA § 3 (37)(A), 29 U.S.C. § 1002 (37)(A).

6.      The Control Board is a clearinghouse for a number of multi-employer fringe benefit plans established to provide pension, health and welfare, vacation, industry and training funds and other benefits to employees pursuant to the terms of various Collective Bargaining Agreements.

7.      Defendant Performance Contractors LLC ("Performance Contractors") accepted and agreed to be bound to a Collective Bargaining Agreement between the Sheet Metal Workers' International Association Local Union No. 10 and the Sheet Metal, Roofing & Air Conditioning Contractors' Association, Twin Cities Division ("Collective Bargaining Agreement").

8.      The Collective Bargaining Agreement requires Performance Contractors to submit contributions to pension, health and welfare, vacation, industry and training funds in the amount per hour specified in the Collective Bargaining Agreement for each hour worked employees covered by the Collective Bargaining Agreement.

9.      The Collective Bargaining Agreement incorporates by reference the Restated Declaration of Trust for the Sheet Metal Local No. 10 Control Board Trust Fund ("Trust Agreement") and states that all contributions shall be paid in accordance with the Trust Agreement.

10.     The Collective Bargaining Agreement requires Performance Contractors to set forth the amount due and owing for contributions on a report form to be submitted to the Control Board with Performance Contractors' monthly payment.

11.     The Collective Bargaining Agreement and the Trust Agreement require Performance Contractors to submit the report and payment to the Control Board by the tenth day of the following month for which the contributions are due.  Any employer whose report and

contributions are not received by the Control Board within five days after the tenth, or the first working day thereafter, is delinquent.

12.     Although untimely, Performance Contractors ultimately submitted the report and contributions for the month of February 2010.

13.     Pursuant to the report, and by Performance Contractors' own admission, $5,250.26 was due and owing for delinquent contributions for the month of February 2010.

14.     Performance Contractors breached the terms of the Collective Bargaining Agreement by failing to timely submit accurate reports correctly identifying the hours worked by its employees and contributions owing pursuant to the Collective Bargaining Agreement for the months of March 2010 through August 2010.

15.     Upon information and belief, the Control Board reasonably believes Performance Contractors employed individuals during the months of March 2010 through August 2010 on whose behalf contributions are due and owing.

16.     The Control Board has no adequate remedy at law to redress Performance Contractors' failure to submit accurate fringe benefit reports for the months of March 2010 through August 2010.

17.     The Trust Agreement states that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month.

18.     However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Control Board on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

19.     Liquidated damages of $1,014.85 are due and owing the Control Board for the month of February 2010.

20.     The Trust Agreement provides that a delinquent employer must pay interest charges on delinquent contributions computed at the rate prescribed by section 6621 of the Internal Revenue Code.

21.     The Collective Bargaining Agreement states that the delinquent employer shall be required to pay all attorneys' fees incurred by the Control Board in the collection of delinquent contributions.  Likewise, the Trust Agreement states that the reasonable costs and attorneys' fees incurred by the Control Board in collecting or attempting to collect delinquent contributions shall be paid by the delinquent employer.

## CONCLUSIONS OF LAW

1.     Performance Contractors is in default and the Control Board is entitled to entry of a default judgment.

2.     Performance Contractors is liable, in an amount to be determined, for all fringe benefit contributions, associated liquidated damages, and related interest charges for the months of February 2010 through August, 2010.

3.     Performance Contractors is liable, in an amount to be determined, for the Control Board's reasonable attorneys' fees and costs incurred in pursuing the delinquent contributions.

4.     Awarding injunctive relief to enforce the Control Board's right to the fringe benefit reports will serve the public interest.

5.     Performance Contractors will suffer no harm if ordered to submit the fringe benefit reports.

6.     The Control Board is entitled to injunctive relief, and is not required to provide security pursuant to Fed. R. Civ. P. 65(c), because no harm will befall Performance Contractors.

7.     Because the Control Board's right to the fringe benefit reports is separate and

independent from their right to collect contributions, and because an injunction enforcing the Control Board's right to the fringe benefit reports is a necessary first step in determining the amount of contributions due and owing, there is no just reason for delaying entry of judgment on the requested injunction. The Court should therefore order entry of judgment as to the Control Board's request for injunctive relief under Fed. R. Civ. P. 54(b).

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings, **IT IS HEREBY RECOMMENDED THAT**:

1.      Plaintiffs' Motion for Default Judgment and Injunction [#8] be **GRANTED**.

2.      Performance Contractors be ORDERED to submit accurate fringe benefit reports for the months of March 2010 through August 2010, and any other fringe benefit reports that may become due during the pendency of this litigation, that correctly identify the hours worked by its employees pursuant to the Collective Bargaining Agreement.

3.       Performance Contractors be required to submit the required reports to the Control Board at 1681 Cope Avenue, Suite B, Maplewood, MN 55109-2631 within ten (10) days of the date on which it is served with a copy of this Order.

4.      There being no just reason for delay, the Court should order entry of judgment on the foregoing injunction pursuant to Fed. R. Civ. P. 54(b).

5.      The Court should further DECLARE that Performance Contractors is liable to the Control Board for:

    a.      Delinquent contributions, liquidated damages, and related interest charges due and owing for the months of February 2010 through August, 2010, and all other relevant months, pursuant to the Collective Bargaining Agreement; and

b. The Control Board's reasonable attorneys' fees and costs incurred in pursuing delinquent contributions.

6. The Court should determine the amount of contributions, liquidated damages, related interest, and attorneys' fees and costs as follows:

a. After receiving the fringe benefit reports, the Control Board may file and serve a Motion for Entry of a Money Judgment in the amount the Control Board determines that Performance Contractors owes for delinquent contributions, liquidated damages, and related interest for the months of February 2010 through August, 2010, and all other relevant months, as well as reasonable attorneys' fees and costs.

b. Performance Contractors may then file and serve a response to the Control Board's Motion within ten (10) days of the date the Control Board's Motion is served.

c. The Court will examine the parties' submissions and issue an order for judgment as the Court deems appropriate. No hearing will be held unless the Court orders otherwise.

Dated: October 15, 2010                    *s/ Franklin L. Noel*
                                           The Honorable Franklin L. Noel
                                           United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 29, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and

Recommendation, the party making the objections shall timely order and cause to be filed by **October 29, 2010** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.