UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

The Trustees of the Sheet Metal Local
#10 Control Board Trust Fund,

        Plaintiffs,

v.                                                      Civil No. 10-1053 (JNE/FLN)
                                                        ORDER

Performance Contractors LLC,

        Defendant,

and

Thor Construction, Inc.,

        Garnishee.

This matter was heard before the undersigned on September 22, 2011 on Plaintiffs' Motion for Judgment against the Garnishee Thor Construction, Inc. Amy L. Court of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant or Garnishee. Plaintiffs seek judgment against the Garnishee in the amount of $67,657.05. *See* Minn. Stat. § 571.82, subdiv. 1 (2010) ("If a garnishee fails to serve a disclosure as required in this chapter, the court may render judgment against the garnishee, upon motion by the creditor, for an amount not exceeding 110 percent of the amount claimed in the garnishment summons."). That amount consists of $65,937.83, the balance due on a prior judgment ordered by this Court on February 23, 2011 [Docket No. 27]; $169.22 in costs; and $1,550.00 in attorneys' fees. The Court grants the motion excepting the attorneys' fees.

Under Minnesota law, "[j]udgment against a garnishee shall be rendered, if at all, for the amount due to the debtor . . . with costs taxed and allowed in the proceeding against the

1

garnishee but not to exceed 110 percent of the amount claimed in the garnishment summons." Minn. Stat. § 571.82, subdiv. 2 (2010). Minnesota law does not permit the award of attorneys' fees to plaintiffs in such garnishment actions. *See Alton M. Johnson Co. v. M.A.I. Co.*, 451 N.W.2d 651, 656 (Minn. Ct. App. 1990) (noting that the "trial court here disallowed attorney fees . . . for the 'garnishment proceedings'"), *aff'd in part*, 463 N.W.2d 277 (Minn. 1990); *Haarstad v. Graff*, 506 N.W.2d 341, 345 (Minn. Ct. App. 1993) (refusing to allow the plaintiff to "recover fees involved solely in obtaining an order for garnishment"), *rev'd on other grounds*, 517 N.W.2d 582 (Minn. 1994). In contrast, *garnishees* may sometimes recover attorneys' fees. Minn. Stat. § 571.76 ("In extraordinary cases, the garnishee may be allowed additional sums the court considers reasonable for attorneys fees and other necessary expenses."). Thus, an award of attorneys' fees in this case is inappropriate.

Based upon the arguments of counsel and all other matters of record in this case, IT IS ORDERED THAT:

1. Plaintiffs' Motion for Entry of Judgment Against the Garnishee [Docket No. 34] is GRANTED IN PART.

2. Judgment in the amount of $66,107.05 is hereby entered against Garnishee Thor Construction, Inc.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 23, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge